[Civ. No. 14632. Third Dist. Sept. 27, 1974.]

COUNTY OF SACRAMENTO, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
ROGER E. JAMES, Real Party in Interest.

**COUNSEL**

Hardy, Erich & Brown and Thomas C. Richards for Petitioner.

No appearance for Respondent.

Gualco, Hummel & Quirk, Johnson, Greve & Clifford and Robert Kirby for Real Party in Interest.

## Opinion

**JANES, J.**—The County of Sacramento, petitioner herein, seeks a writ of mandate or prohibition to compel respondent superior court to grant petitioner a jury trial of factual issues involved in a proceeding instituted by the real party in interest, Roger E. James, wherein James asked relief under Government Code section 946.6 from the tort claim filing requirements of that code.

### Factual and Procedural Background

Petitioner is a defendant named in a complaint for medical malpractice filed by James in respondent court on October 3, 1973. The complaint alleges that James was negligently injured between September 24, 1972, and October 6, 1972, while being treated at the Sacramento Medical Center, a facility operated by petitioner, and that James did not ascertain the cause of his injury until on or about October 6, 1972.

On September 28, 1973, not having complied with the 100-day claim filing requirement of Government Code section 911.2, James presented to petitioner an application for leave to present a late claim for damages caused by the alleged malpractice. (Gov. Code, § 911.4.) On October 16, 1973, petitioner denied the application.

On November 21, 1973, pursuant to Government Code section 946.6, James moved respondent court for an order relieving him from the requirement of Government Code section 945.4 that a claim be presented to a public entity before an action can be maintained against it.[1] Petitioner

---

[1]As stated, James used a motion rather than a petition to invoke section 946.6. For purposes of clarity, since the county is petitioner in the matter before us, we will continue herein to refer to the superior court remedy as a motion. Section 946.6 provides: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the·petitioner from the provisions of Section 945.4. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of such action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

"(b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the provisions of Section 945.4

demanded trial by jury of all factual allegations made by James on his motion for relief under section 946.6. On December 10, 1973, the judge in one department of respondent court granted petitioner's demand for a jury and referred James' section 946.6 motion to the master calendar for setting of a jury trial thereof. When the section 946.6 proceeding came on for jury trial in a different department of respondent court on February 27, 1974, James objected to the use of a jury and contended that his motion for relief should be heard only by the court as a law and motion matter. The judge of the latter department agreed, ruled that petitioner was not entitled to a jury trial in a section 946.6 proceeding, and then referred the matter back to the master calendar for assignment to a law and motion department.[2] On petitioner's application to this court, we issued an order to show cause and temporarily stayed further proceedings in the trial court.

## DISCUSSION OF CONTENTIONS

Petitioner contends that it has a right to trial by jury of all issues of fact involved in James' motion under Government Code section 946.6 for relief from the claim filing requirements. We reject the contention.

---

if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; or

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; or

"(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim.

"(d) A copy of the petition and a written notice of the time and place of hearing thereof shall be served not less than 10 days before the hearing on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity, or (2) the State Board of Control or its secretary, if the respondent is the state.

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.

"(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

[2]Petitioner does not question the authority of one department of a multi-department superior court to "overrule" another department of the same court. (See, *City of Los Angeles* v. *Oliver* (1929) 102 Cal.App. 299, 325-326 [283 P. 298].)

■ "The intent of the Legislature must be ascertained from the language of the enactment and where, as here, the language is clear, there can be no room for interpretation." (*Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908].) ■ Section 946.6 nowhere refers to a jury. (See fn. 1, *supra.*) It expressly contemplates findings by "the *court*" (subd. (c)) and further provides that "The *court* shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (Subd. (e).) (Italics added.)

Section 946.6, subdivision (e), "makes clear that when no testimonial evidence is offered, the court may decide whether to grant relief on the basis of the petition and declarations offered in support of, or opposition to, the petition." (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal. 3d 545, 553-554 [94 Cal.Rptr. 158, 483 P.2d 774].) ■ "[T]he trial court exercises broad discretion in granting or denying petitions for relief under Government Code section 946.6 . . . . Appellate courts will not interfere with the decision of the trial judge in relieving a party of default except for clear abuse of discretion." (*Id.* at p. 552.) "The showing required of a petitioner seeking relief under the authority of Government Code, section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment." (*Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480, 483 [91 Cal.Rptr. 717, 55 A.L.R.3d 925].) The latter section "confers broad equitable powers upon trial courts." (*Miller* v. *Dussault* (1972) 26 Cal.App.3d 311, 319 [103 Cal.Rptr. 147].) ■ Concepts of fact-finding upon the basis of affidavits, the exercise of discretion in granting or denying relief, and the application of equitable powers are inapposite to trial by jury.

When the enactment of section 946.6 was proposed by the California Law Revision Commission, the commission's explanatory comments contained no indication that factual issues arising under that section were to be determined by a jury if demanded. (7 Cal. Law Revision Com. Rep. (1965) p. 424; see also, 4 Cal. Law Revision Com. Rep. (1963) p. 1033 (re Gov. Code, former § 912).)

Petitioner's reliance upon article I, section 7, of the California Constitution,[3] and upon section 592 of the Code of Civil Procedure,[4] is un-

---

[3]"The right of trial by jury shall be secured to all, and remain inviolate . . . ." (Cal. Const., art. I, § 7.)

[4]Section 592 provides: "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as

availing. "The right to trial by jury in any particular proceeding is determined by whether the right existed at common law in 1850 when the [state] Constitution became the law of the State of California." (*People* v. *Frangadakis* (1960) 184 Cal.App.2d 540, 545 [7 Cal.Rptr. 776].) Section 592, as it presently reads, "was evidently framed with a view of adopting the principle . . . that the constitutional guaranty of the right to jury trial, in section 7, of article I, applies only to common law actions and that it does not confer such right with respect to any action as to which it did not previously exist. Accordingly, it has always been held that this guaranty does not secure the right in special proceedings." (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238].) Government Code section 946.6 obviously had no counterpart in 1850. Moreover, section 946.6 provides for a "special proceeding," rather than a common law action. (See, Code Civ. Proc., §§ 21-23; *In re Helen J.* (1973) 31 Cal.App.3d 238, 244 [107 Cal.Rptr. 106]; *Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 858 [57 Cal.Rptr. 79]; *Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 710 [32 Cal.Rptr. 288].)

Nor can petitioner find support in Code of Civil Procedure sections 597[5] and 597.5,[6] which provide for a separate trial of issues raised by the

---

damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this code. Where in these cases there are issues both of law and fact, the issue of law must be first disposed of. In other cases, issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury, or to be referred to a referee, as provided in this code."

[5]In relevant part, section 597 provides: "When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury, upon any special defense so tried (other than the defense of another action pending) is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated . . . ."

[6]Section 597.5 provides: "In an action against a physician or surgeon, dentist, registered nurse, dispensing optician, optometrist, registered physical therapist, podiatrist, licensed psychologist, osteopath, chiropractor, clinical laboratory bioanalyst, clinical laboratory technologist, veterinarian, or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, if the answer pleads that the action is barred by the statute of limitations, and if either party so moves, the issues raised thereby must be tried separately and

defense of the statute of limitations. Although they are comparable to a statute of limitations, the Government Code sections requiring (with certain exceptions) the timely presentation of a claim as a prerequisite to suit are not, strictly speaking, a statute of limitations. (Gov. Code, §§ 911.2, 911.4, 945.4; *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 636-637 [86 Cal.Rptr. 198].) In any event, neither section 597 nor section 597.5 of the Code of Civil Procedure prescribes when trial by jury is a matter of right; and, even if those general statutes are deemed to conflict with Government Code section 946.6, section 946.6 controls because it is a special statute dealing expressly with the subject of relief from the requirement of presenting a claim. (See generally, *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580]; *Brill* v. *County of Los Angeles* (1940) 16 Cal.2d 726, 732 [108 P.2d 443].)

Petitioner also contends that, for the purpose of developing evidence to be introduced at the section 946.6 hearing, it is entitled to utilize civil discovery devices. Petitioner further asserts that any ruling by respondent court in favor of James on his section 946.6 motion will not be binding, and that petitioner has a right at trial and before a separate jury to relitigate (as an affirmative defense) James' failure to timely file his Government Code claim.

Except insofar as they overlap points already discussed herein, we decline to consider the latter contentions. They have not been raised in the trial court. There is no showing (indeed, even no allegation) that respondent court has yet been requested to grant the additional rights asserted. ■ As said in *People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910, at page 912 [83 Cal.Rptr. 670, 464 P.2d 126], "The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court." In respect to those contentions, no threatened judicial act or present duty on the part of the trial court appears. Accordingly, neither prohibition nor mandamus lies. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 36, p. 3810, and § 64, pp. 3841-3842.)

The order to show cause is discharged; the temporary stay herein is terminated; and the petition is denied.

Friedman, Acting P. J., and Regan, J., concurred.

---

before any other issues in the case are tried. If the issue raised by the statute of limitations is finally determined in favor of the plaintiff, the remaining issues shall then be tried."