[Civ. No. 32929. First Dist., Div. Three. Apr. 16, 1975.]

VIRGINIA A. HENDRICKSON et al., Plaintiffs and Appellants, v. CALIFORNIA NEWSPAPERS, INC., et al., Defendants and Respondents.

**COUNSEL**

James M. Fletcher and Leonard J. Bloom for Plaintiffs and Appellants.

Freitas, Allen, McCarthy, Bettini & MacMahon and Joseph L. Lemon for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Plaintiffs appeal from judgments of dismissal entered upon an order sustaining defendants' demurrer without leave to amend.

Plaintiffs' complaint alleges causes of action by various members of the Hendrickson family against respondent newspaper for invasion of their right of privacy and intentional infliction of emotional distress for publishing an obituary revealing a prior criminal conviction of appellants' deceased spouse and father.

The cause of action of each member of the Hendrickson family is essentially the same, and the law applicable to one is equally applicable to the others.

The complaint alleges certain conduct of respondents, that is, publication of past criminal activities of a relative, engaged in by respondents wilfully, deliberately and maliciously with intent to inflict emotional distress, which proximately caused such emotional distress.

■ For purposes of review of the sufficiency of the complaint this court is bound to accept as true the allegations contained therein. (*State of Califonia* v. *Superior Court* (1974) 12 Cal.3d 237, 252-253 [115 Cal.Rptr. 497, 524 P.2d 1281]; *Selby Realty Co.* v. *City of San Buenaventura* (1973) 10 Cal.3d 110, 124 [109 Cal.Rptr. 799, 514 P.2d 111]; *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187]; *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].) The legal effect of the acts alleged is a question of law. (Code Civ. Proc., § 589.) If the complaint states any cause of action, the demurrer should have been overruled. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 301, p. 1974.)

Although the causes of action for intentional infliction of emotional distress and invasion of privacy are distinct (see 4 Witkin, Summary of Cal. Law (8th ed.) §§ 233-241, pp. 2513-2522; §§ 334-349, pp. 2599-2611), here the complaint pleads a single cause of action on behalf of each plaintiff, alleging in substance that defendant newspaper wilfully and maliciously inflicted emotional distress upon plaintiffs by violating their right of privacy, that is, by publishing information about the past criminality of their deceased spouse and father.

The cause of action for intentional infliction of emotional distress being predicated upon an invasion of plaintiffs' right of privacy, it must follow that before plaintiffs here can maintain their action, *their* right of privacy must have been invaded.

The court in *Briscoe* v. *Reader's Digest Association, Inc.* (1971) 4 Cal.3d 529, 541 [93 Cal.Rptr. 866, 483 P.2d 34, 57 A.L.R.3d 1], stated that "a truthful publication is constitutionally protected if (1) it is newsworthy and (2) it does not reveal facts so offensive as to shock the community's notions of decency." The court then went on to define the elements of a cause of action for invasion of privacy in the publication of past criminal activities by news media, and stated (at p. 543): "It is for the trier of fact to determine (1) whether plaintiff had become a rehabilitated member of society, (2) whether identifying him as a former criminal would be highly offensive and injurious to the reasonable man, (3) whether defendant published this information with a reckless disregard for its offensiveness, and (4) whether any independent justification for printing plaintiff's identity existed."

■ It is well settled that the right of privacy is purely a personal one; it cannot be asserted by anyone other than the person whose privacy has been invaded, that is, plaintiff must plead and prove that *his* privacy has been invaded. (*Coverstone* v. *Davies* (1952) 38 Cal.2d 315, 322-324 [239 P.2d 876]; *Werner* v. *Times-Mirror Co.* (1961) 193 Cal.App.2d 111,116 [14 Cal.Rptr. 208]; *James* v. *Screen Gems, Inc.* (1959) 174 Cal.App.2d 650, 653 [344 P.2d 799]; *Kelly* v. *Johnson Publishing Co.,* (1958) 160 Cal.App.2d 718, 722 [325 P.2d 659]; *Metter* v. *Los Angeles Examiner* (1939) 35 Cal.App.2d 304, 310 [95 P.2d 491]; 4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 342, p. 2605.) Further, the right does not survive but dies with the person.

■ It is clear that the publication must contain some direct reference to the plaintiff. The publication must invade the plaintiff's privacy. Where the publication was directed at another individual and referred incidentally to the plaintiff but was not directed at him, no recovery can be had. Where the plaintiff's only relation to the asserted wrong is that he is a relative of the victim of the wrongdoer, and was unwillingly brought into the limelight, no recovery can be had. (*Coverstone* v. *Davies, supra,* 38 Cal.2d at pp. 323-324; *Werner* v. *Times-Mirror Co., supra,* 193 Cal.App.2d at p. 118; *James* v. *Screen Gems, Inc., supra,* 174 Cal.App.2d at pp. 653-654; *Kelly* v. *Johnson Publishing Co., supra,* 160 Cal.App.2d at pp. 723-724; *Metter* v. *Los Angeles Examiner, supra,* 35 Cal.App.2d at pp. 310-312.)

■ Appellants urge that identifying them as survivors of John Hendrickson is a direct invasion of their right of privacy. We disagree.

The reference is purely relational and, as such, is not a basis for a cause of action for invasion of privacy.

The occasion for the publication was an obituary reciting past incidents in the life of the decedent. The publication was not occasioned by an act or circumstance of any of the plaintiffs. The reference to plaintiffs was incidental. (Plaintiff Mary Jo was not named in the article.)

Appellants further urge that John's prior criminality was a "family secret" and its revelation was an invasion of the plaintiffs' right of privacy to a family secret. This concept was not supported by authority. *Briscoe* v. *Reader's Digest Association* discusses what might be defined as a family secret, that is, information that a person is entitled to keep within "one's circle of intimacy" (4 Cal.3d at p. 534). However, there it was plaintiff's own prior activities, not those of his relatives, that were being discussed. The courts have uniformly denied a cause of action of relatives for the invasion of the privacy of another family member. *(Coverstone* v. *Davies, supra; James* v. *Screen Gems, Inc., supra; Werner* v. *Times-Mirror Co., supra; Kelly* v. *Johnson Publishing Co., supra; Metter* v. *Los Angeles Examiner, supra.)*

The court did not err in sustaining respondents' demurrer without leave to amend.

In view of our holding it is unnecessary to discuss the applicability of *Cox Broadcasting Corp.* v. *Cohn* (1975) 420 U.S. 469 [43 L.Ed.2d 328, 95 S.Ct. 1029], recently decided by the United States Supreme Court.

Judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied May 16, 1975, and appellants' petition for a hearing by the Supreme Court was denied June 11, 1975. Tobriner, J., was of the opinion that the petition should be granted.