82 Cal.App.3d 396 (1978)
147 Cal. Rptr. 248
COUNTY OF KERN et al., Petitioner,
v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent; LORRAINE RICHARD, Real Party in Interest.
Docket No. 3995.
Court of Appeals of California, Fifth District.
June 29, 1978.
*398 COUNSEL
Borton, Petrini & Conron and George F. Martin for Petitioner.
No appearance for Respondent.
*399 Sims & Solomon, Gabriel W. Solomon and Michael S. Konnoff for Real Party in Interest.
OPINION
HOPPER, J.
Petitioner seeks a writ of mandate compelling respondent court to grant a motion under Code of Civil Procedure sections 597.5 and 597 to have certain affirmative defenses in a medical malpractice action heard first, and to set aside a discovery order and an order overruling a demurrer. We issue the writ in part.
Real party in interest (real party) filed a claim with Kern County (petitioner) for medical malpractice at the Kern County General Hospital. The claim was rejected and real party instituted the present action in January 1976. Petitioner's answer set up a number of affirmative defenses, including the statute of limitations and a defense that the claim was untimely. In February 1978, real party sent a notice of deposition of the hospital administrator of Kern County General Hospital. The deposition demanded a production of records pertaining to the residency, training, progress, and evaluation of a certain named doctor. A subpoena and a subpoena duces tecum were also filed. Also in February 1978, petitioner demurred to the first amended complaint, moved to quash the deposition and the subpoenaes, and moved (under Code Civ. Proc., § 597.5 as to the statute of limitations and § 597 as to the claim) for an order that the affirmative defenses be heard first at the trial. The trial court denied the motion under the Code of Civil Procedure, granted real party's discovery motion, denied the motion to quash and overruled the demurrer. Petitioner timely sought a writ of mandate.
Code of Civil Procedure section 597.5 provides in pertinent part as set forth in the margin.[1]
(1) Unlike Code of Civil Procedure section 597, which gives the trial court discretion to order that affirmative defenses be heard and determined first, we conclude that section 597.5 is mandatory. Where any party *400 moves under Code of Civil Procedure section 597.5 to have the statute of limitations issue heard and determined first, the trial judge has no alternative except to grant the motion. (See 2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1978) § 27.12, p. 216, and § 27.5.) Code of Civil Procedure section 597.5 uses the word "must," which strongly implies a mandatory duty that the statute of limitation issue is to be determined first, if a party so moves. Real party's contention that "must" is directory, thereby giving the trial court discretion to grant or deny the motion, would cause Code of Civil Procedure section 597.5 to be an unnecessary duplication of Code of Civil Procedure section 597. We do not believe that passage of such a duplicate statute is logical. Nor was it intended by the Legislature to be a duplicate. (See 2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar. 1978), id.; see also the June 1968 staff analysis made for the Senate Judiciary Committee of the then proposed legislation (Assem. Bill No. 574) which concluded that Assem. Bill No. 574 would remove discretion from the court and making the granting of the motion mandatory.) We are not persuaded by real party's argument that Code of Civil Procedure section 597.5 is an invalid interference with the inherent powers of the court. The statute merely specified the procedure for the exercise of the judicial power, just as has been done in many other laws. While the statute may be undesirable in many medical malpractice actions, the evidence on the statute of limitations is also relevant to the issues of negligence and damages, as well as to the issue of timeliness (see Review of Selected 1968 Code Legislation (Cont.Ed.Bar 1968) p. 77), that is properly a matter for the Legislature. Furthermore, the legislation as finally passed[2] does not cause any delay in trial, but is merely a change in the order of trial.[3] Separate jury trials are not required by Code of Civil Procedure section 597.5 (Gonzales v. Nork (1978) 20 Cal.3d 500, 506-507 [143 Cal. Rptr. 240, 573 P.2d 458]).[4]
(2) Code of Civil Procedure section 597.5 pertains only to the statute of limitations and is inapplicable to the defense of alleged failure to file a timely claim under the Tort Claims Act (Gov. Code, § 910 et seq.). The time limitations for filing a claim (Gov. Code, § 911.2) are similar in purpose to statutes of limitations, but are not statutes of limitations *401 themselves (see County of Sacramento v. Superior Court (1974) 42 Cal. App.3d 135, 141-142 [116 Cal. Rptr. 602]).
A statute of limitations bars stale claims in judicial actions, while a claims limitation encourages speedy resolution of disputes against the government that may impede its operation.
(3) If the only affirmative defense were on the issue of the timeliness of the claim, we would have no hesitation in upholding the trial court's exercise of its broad discretion under the applicable code section (Code Civ. Proc., § 597). However, although the claims defense and the statute of limitations defense are different, they both arise out of a common factual question: When did real party discover (or in the exercise of due diligence should have discovered) the malpractice? Consequently, we hold that where both defenses are alleged, in the interest of economic use of judicial time, the trial court should order the claims defense to be heard in the first phase of the trial when it is compelled under Code of Civil Procedure section 597.5 to order the statute of limitations to be heard in that first phase of trial. Accordingly, in this case the writ should also issue as to the claims defense.
Petitioner contends that the discovery order violates Evidence Code sections 1157 and 1040 and California Constitution, article I, section 1 (right to privacy).
(4) Petitioner does not have any standing to assert any right to privacy of the doctors. The right of privacy is personal and cannot be asserted by anyone other than the person whose privacy has been invaded (Hendrickson v. California Newspapers, Inc. (1975) 48 Cal. App.3d 59, 62 [121 Cal. Rptr. 429]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 342, p. 2605).
Assuming, without deciding, the applicability of Evidence Code section 1040, subdivision (b)(2), we note that the record does not clearly show that the trial court in fact did not balance the competing interest under that code section or that the information sought by real party was obtained in confidence. Therefore, we do not consider whether or not a writ should issue under that section.
(5) Evidence Code section 1157 protects reports and other documents of any medical staff committee assigned the task of evaluating physician performance. Thus, the trial court's order herein was too sweeping. The *402 hospital administrator's file concerning any doctor involved in this case should be carefully examined by the trial court in an in camera hearing to excise from the file any part derived from the work of a protected committee.
Because the issues raised by the demurrer may be decided by other pretrial procedures or at trial, and because we do not find the matters raised by the demurrer to be of such magnitude to warrant consideration at this stage of the proceedings and we do not believe it is an appropriate vehicle for the furnishing of guidelines for disposition of this or future cases, we decline to issue a writ on the grounds sought as to the demurrer. (See Babb v. Superior Court (1971) 3 Cal.3d 841, 851 [92 Cal. Rptr. 179, 479 P.2d 379].)
Let a writ of mandate issue ordering the trial court to: (1) order that both the statute of limitations and the claims defense be heard first at trial and (2) examine the hospital administrator's file and excise therefrom any portions which reflect the proceedings of staff committees conforming to the specifications of Evidence Code section 1157.
In all other respects, the petition for writ of mandate is denied.
Brown (G.A.), P.J., concurred.
FRANSON, J.
I concur in the result. However, I would qualify the mandatory nature of the procedure provided by Code of Civil Procedure section 597.5 by requiring that the motion to separately try the issues raised by the statute of limitations before any other issues are tried be timely made, i.e., within a reasonable period of time before commencement of trial so that inconvenience of witnesses and possible prejudice to the petitioner can be avoided. Whether the motion is timely made should be within the sound discretion of the trial court. To hold otherwise would be to allow the Legislature to unlawfully interfere with the power of the courts to administer justice in the conduct of trials. (Cf. Lorraine v McComb (1934) 220 Cal. 753 [32 P.2d 960].)
Since the motion in the instant case was timely made, there was no abuse of discretion by the trial court.
NOTES
[1] "In an action against a physician or surgeon, ... or a licensed hospital..., based upon such person's alleged professional negligence, ... if the answer pleads that the action is barred by the statute of limitations, and if either party so moves, the issues raised thereby must be tried separately and before any other issues in the case are tried. If the issue raised by the statute of limitations is finally determined in favor of the plaintiff, the remaining issues shall then be tried."
[2] At one time Assembly Bill No. 574 provided that if the plaintiff prevailed on the statute of limitations issue, the remaining issues may thereafter be set for trial. This could have been construed to require a new memorandum to set resulting in a delay of the main trial.
[3] Consequently, reliance by real party on such cases as Lorraine v. McComb (1934) 220 Cal. 753 [32 P.2d 960] is to no avail. Lorraine held the mandatory language of the statute on continuance to be an invalid interference with the judicial power.
[4] The motion in this case was not untimely made, as asserted by real party.