Filed 1/30/26  Murillo v. Monterey County Board of Supervisors CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ANGEL MURILLO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MONTEREY COUNTY BOARD OF SUPERVISORS,<br><br>    Defendant and Respondent. | H053107<br>(Monterey County<br> Super. Ct. No. 23CV002323) |

Angel Murillo appeals from a judgment following court trial denying his petition for relief to present a late claim (petition) against the Monterey County Board of Supervisors (County) under Government Code[1] section 946.6.

Murillo argues on appeal that the trial court erred by issuing its judgment without acknowledging receipt of or considering his objection to the court's proposed statement of decision.  In turn, the County contends the court's subsequent correction of the judgment to reflect its receipt and consideration of Murillo's objection renders his appeal moot.

---

[1] All further unspecified statutory references are to the Government Code.

For the reasons explained below, we conclude the appeal is moot and dismiss the appeal.

## I. PROCEDURAL BACKGROUND[2]

### A. *Petition and Judgment*

On October 25, 2023, Murillo filed an amended petition with the trial court seeking leave under section 946.6 to file a late claim against the County and relief from the obligation to comply with section 945.4.[3] In his petition, Murillo stated that he had claims against the County with respect to harm he suffered as a result of the conduct of a County public defender and the County's sheriff's office.

After a court trial on the petition, the trial court issued a proposed statement of decision on December 30, 2024. The court denied the petition on the ground that Murillo had not demonstrated that his delay in presenting his claim to the County was justified by the reasons he presented to the court.

On January 13, 2025, Murillo filed in the trial court an objection to the proposed statement of decision. Murillo objected on the grounds that he had

---

[2] Because the facts of the underlying dispute are not pertinent to the issue raised on appeal, we do not recount them here. We recount only the procedural background relevant to the issue raised on appeal.

[3] Before suing a public entity for damages, a party must first file a claim with the entity and the entity must have acted on or rejected the claim. (§ 945.4; see also *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 810, fn. 6 [Section 945.4 requires "plaintiffs to have timely filed a claim for money or damages with a public entity as a prerequisite to bringing suit."].) If the claim is late, the party may apply to the public entity for leave to file a late claim. (§ 911.4, subd. (a).) "If an application for leave to present a claim is denied or deemed to be denied . . ., a petition may be made to the court for an order relieving the petitioner from [s]ection 945.4." (§ 946.6, subd. (a); see also *Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 63, 65 (*Ovando*).) The petitioning party must explain why the claim was not timely filed. (§ 946.6, subd. (b)(2); *Ovando*, at pp. 63–64.)

been "a victim of [a] migrant crime" that caused "head trauma" and left him "mentally, physically and emotional[ly] not capable[] to respond to any timing matter." The attack caused him to "withdraw[] from everyday life responsibilities," "becom[e] homeless," and "fear[] to even be in Monterey [C]ounty . . . because [the] sheriff ignored restraining orders [from] 2009 to 2012." Murillo stated he received medical and psychiatric treatment as well as counseling "after 2012" and his public defender should have presented the hospital records to the court.

On February 26, 2025, the trial court issued a judgment (February 2025 judgment) that incorporated its proposed (now final) statement of decision. The judgment stated that the court had not received from either party any objections to the proposed statement of decision. The court entered judgment in favor of the County and denied Murillo's petition. The County served the notice of entry of judgment on Murillo on February 27, 2025.

*B. Appeal and Amended Judgment*

On March 18, 2025, Murillo filed a notice of appeal. On the same day, he filed in the trial court a letter expressing his concern that the court entered judgment without considering his objection.

On April 3, 2025, the County filed a motion for reconsideration and supporting documents with the trial court. The County requested the court either (1) clarify that it did consider Murillo's objection before issuing the February 2025 judgment, or (2) consider Murillo's objection, and issue a new judgment indicating it had considered his objection. In its motion, the County asserted that it had conferred with Murillo and the parties had agreed "that it would be most efficient to avoid the appeal if possible, and hopefully address [Murillo]'s concerns now."

3

Although the trial court denied the County's motion, it filed an amended judgment on May 27, 2025 (amended judgment), that corrected the error in the February 2025 judgment by stating that Murillo filed an objection and the court adopted the proposed statement of decision as final after "[h]aving considered" Murillo's objection.

## II. DISCUSSION

Murillo contends on appeal that the trial court erred by failing to consider his objection to the proposed statement of decision.[4]

In response, the County argues that the sole issue Murillo raises on appeal has been rendered moot and this court can no longer grant any effective relief because the trial court corrected the judgment to state that it had considered Murillo's objection.

Prior to filing its respondent's brief, the County filed an unopposed motion to augment the record. The County requests that this court augment the record with its motion for reconsideration of the judgment and supporting documents, the trial court's order on the motion, and the amended judgment. The County contends that augmentation is appropriate because the amended

---

[4] In his reply brief, Murillo raises additional concerns. He maintains that the County treated him unfairly, failed to provide him with the resources he needed, and did not enforce restraining orders protecting him and his daughter. Murillo asserts that he suffered "a head injury and PTSD" and unspecified "physical and mental emotional injuries" that made it difficult for him "to respond in a[] timely manner." Only the latter assertion, which pertains to his delay in filing a claim with the County, appears relevant to the trial court's judgment on the petition.

While we recognize Murillo has faced difficult circumstances, because he did not make these assertions in his opening brief on appeal and has not offered any explanation for not presenting them earlier, they are untimely and we do not consider them. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

judgment is relevant to the question of whether the sole issue on appeal is moot.  We agree.

As a rule, "[a]ppellate courts rarely accept postjudgment evidence or evidence that is developed after the challenged ruling is made." (*In re Sabrina H.* (2007) 149 Cal.App.4th 1403, 1416, citing *In re Zeth S.* (2003) 31 Cal.4th 396, 405, 413–414.)  One exception is for postjudgment evidence made admissible "for the limited purpose of determining whether any subsequent developments have rendered an appeal partially or entirely moot." (*In re F.S.* (2016) 243 Cal.App.4th 799, 807–808, fn. 6, disapproved on another ground by *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

The sole issue on appeal is whether the trial court erred by entering judgment and adopting its proposed statement of decision without considering Murillo's objection to the statement of decision.  Because the amended judgment may affect whether this court can grant effective relief on appeal, we grant the County's motion to augment the record.

We turn to the County's contention that this appeal should be dismissed as moot.

### A.  Legal Principles

#### 1.  Stays and Special Proceedings

Generally, in civil actions, " ' "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur" [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment.' " (*Stubblefield v. Superior Court* (2025) 108 Cal.App.5th 675, 679–680.)  Perfecting an appeal "stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order." (Code Civ. Proc.,

5

§ 916, subd. (a).) "This rule prevents the trial court from rendering an appeal futile by conducting proceedings that may affect or alter the judgment on appeal." (*Stubblefield*, at p. 680.)

However, "the rules governing the application of stays and undertakings on appeal in a civil 'action' (Code Civ. Proc., § 22) do not apply in a 'special proceeding' (Code Civ. Proc., § 23)" (*Veyna v. Orange County Nursery, Inc.* (2009) 170 Cal.App.4th 146, 154–155; see also *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 843) " '[u]nless the statutes establishing a "special proceeding" expressly incorporate the appellate-stay provisions' " of the Code of Civil Procedure. (*Blizzard*, at p. 845, quoting *Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 707 (*Tex-Cal*).)

"A petition for relief from the claim presentation requirement under Government Code section 946.6 is a special proceeding." (*Ovando*, *supra*, 159 Cal.App.4th at p. 64; *County of Sacramento v. Superior Court* (1974) 42 Cal.App.3d 135, 140.) The Government Claims Act, which includes section 946.6, does not incorporate the appellate-stay provisions of the Code of Civil Procedure. (See generally § 810 et seq.)

"[A] final order in [a] 'special proceeding' is not automatically stayed pending appeal." (*Tex-Cal*, *supra*, 43 Cal.3d at p. 707.) We therefore may consider the trial court's amended judgment when evaluating the mootness of the appeal.

2. Mootness

"Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties. [Citations.] Thus, appellate courts as a rule will not render opinions on moot questions." (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178; see also

6

*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 405.)

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.  [Citation.]'  [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' "  (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

" ' "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court." ' " (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 227; *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419 ["A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire that prevent the appellate court from granting any effectual relief."].)

*B. Analysis*

Murillo contends the trial court erred in entering judgment against him on his petition because the court failed to consider his objection prior to entering the February 2025 judgment.  Murillo had submitted an objection to the court's proposed statement of decision on January 13, 2025.  However, the February 2025 judgment stated the court had not received any objections to the proposed statement of decision.

Concurrent with his appeal to this court, Murillo filed in the trial court a letter expressing his concern regarding the trial court's failure to consider his objection.  After conferring with Murillo, the County filed a motion requesting the court reconsider and correct this error in the February 2025 judgment.  Although the court denied the motion, it issued the amended

7

judgment, which reflected the court's receipt and consideration of Murillo's objection.

Because the trial court corrected the error in the February 2025 judgment by issuing the amended judgment, the sole cognizable issue Murillo raises on appeal no longer presents an actual controversy. We cannot grant any effective relief for that resolved issue. We therefore dismiss Murillo's appeal as moot.

### III.  DISPOSITION

The appeal is dismissed.

_____

Danner, J.

WE CONCUR:

_____

Greenwood, P. J.

_____

Bromberg, J.

**H053107**
***Murillo v. Monterey County Board of Supervisors***