[S. F. No. 22526. In Bank. June 8, 1967.]

BABY THURMOND, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; NATE THURMOND et al., Real Parties in Interest.

James J. Reilly for Petitioner.

No appearance for Respondent.

Brown, Dearman & Smith, Willie L. Brown, Jr., Jack R. Fenton, John L. Burton, John J. Miller, Alan Sieroty, John F. Dunlap, William T. Bagley, Harvey Johnson, Edwin L. Z'Berg, David Negri, W. Craig Biddle, Pete Wilson, Donald L. Grunsky, Richard J. Dolwig, Gordon Cologne, George R. Moscone, Alan Short, Alfred H. Song, Robert J. Lagomarsino, James E. Whetmore and Robert S. Stevens for Real Parties in Interest.

BURKE, J.—This mandamus proceeding was brought to secure an early hearing of an order to show cause why real party in interest Thurmond, the alleged father of an unborn child, should not pay support and maintenance and medical expenses necessary for the child during pendency of a paternity action. A continuance of the hearing, sought by Thurmond's attorney on the sole ground that the attorney was a member of the California Legislature which was then in session, was granted ex parte by respondent superior court. As will appear, we have concluded that the writ should issue.

Mamie Polite, as guardian ad litem for the unborn child, filed the paternity action against Thurmond in February 1967 alleging that the child is expected to be born in August 1967 to an unwed 19-year-old mother who is without funds to support the child or to pay medical expenses incident to the

birth, and that the alleged father is able to provide them. On March 11 Thurmond was served with an order to appear in court on March 22 to show cause why he should not be required to pay reasonable sums for the medical expenses and to support the child during pendency of the paternity action.

Under Civil Code section 196a the court in such an action is empowered to make an award pendente lite upon a proper showing, even though parentage be denied by defendant. (*Carbone* v. *Superior Court* (1941) 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260]; *Richter* v. *Superior Court* (1963) 214 Cal.App.2d 821 [29 Cal.Rptr. 826]; *Guay* v. *Superior Court* (1957) 147 Cal.App.2d 764, 769 [305 P.2d 990].)[1]

On March 21 Assemblyman Willie L. Brown, Jr., appeared as Thurmond's attorney and without notice to the guardian moved for a continuance of the order to show cause and for an extension of time in which to answer or otherwise plead to the complaint, on the ground that he is a member of the Legislature and that body was then in session and will continue in session until June 30, 1967. Cited in support of the motion were sections 595 and 1054.1[2] of the Code of Civil Procedure. Respondent superior court forthwith (on March 21) made an ex parte order continuing the order to show cause until July 12, 1967, and also extending to July 12 the time to plead to the complaint. On March 22, the day originally set for hearing on the order to show cause, the guardian and the mother of the child appeared in court and objected without avail to the continuance. Mandate was thereupon sought to compel an early hearing on the show cause order.

We are persuaded that the statutory provisions upon

[1] As stated in *Carbone*, "Athough such an order implies a finding of the existence of the relationship, the proceeding need not be so complete nor the evidence as extensive as upon the trial of the issues of the case and the order therefore does not determine those issues nor affect the final judgment." (P. 772 of 18 Cal.2d.)

[2] Section 595 provides in pertinent part that "The trial of any civil action, or proceeding . . . or the hearing of any motion, demurrer, or other proceeding, shall be postponed when it appears to the court . . . that . . . any attorney of record therein . . . is a Member of the Legislature of this State and that the Legislature is in session . . . [and] such action or proceeding shall not, without the consent of the attorney of record therein, be brought on for trial or hearing before the expiration of thirty (30) days next following final adjournment of the Legislature. . . ."

Section 1054.1 similarly states, so far as here material, that the time to plead in an action "shall be extended" by the court when it appears that an attorney of record is a member of the Legislature and that it is in session. (Provisions formerly found in § 1054.)

which Thurmond relies should be viewed as directory only. (See *Lorraine* v. *McComb* (1934) 220 Cal. 753 [32 P.2d 960].) In the cited case another provision dealing with postponement of trial or hearing was considered.[3] It was there noted (quoting from *Riglander* v. *Star Co.*, 98 App.Div. 101 [90 N.Y.Supp. 772], affd. 181 N.Y. 531 [73 N.E. 1131]), that "One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them may be safeguarded. This power has been recognized as judicial in its nature, and as being a necessary appendage to a court organized *to enforce rights and redress wrongs.*" Accordingly, we declined to ascribe to the Legislature the intent to make the action of the parties in agreeing to a postponement of trial compulsory upon the court in each instance, and concluded that the statutory provision must be held directory. (P. 757 of 220 Cal.; see also *Garrison* v. *Rourke* (1948) 32 Cal.2d 430, 436 [3] [196 P.2d 884].)

 The guardian in the present case points out that the right of the mother and child to apply for relief pendente lite will be materially impaired and perhaps destroyed by the imposition of any substantial continuance; neither the birth of the child nor its need for care and support can be postponed. A similar result could follow in other cases in which a party has a right to invoke a provisional remedy, such as pendente lite support in domestic relations controversies, attachment and sale of perishable goods, receivership of a failing business, and temporary restraining orders or preliminary injunctions. (Cf. *Wutchumna Water Co.* v. *Superior Court* (1932) 215 Cal. 734, 739-740 [9] [12 P.2d 1033].) Situations other than those involving provisional remedies may also arise in which a substantial existing right would be defeated or abridged by extended continuances.

 We are convinced that such a result, with the serious constitutional questions which would ensue, was not intended by the Legislature, and that the statutory provisions here involved are to be applied subject to the discretion of the

[3]Viz., the following sentence added to section 595 of the Code of Civil Procedure in 1933 (now found in § 595.2): "In all cases, the court shall postpone a trial, or the hearing of any motion or demurrer, for a period not to exceed thirty (30) days, when all attorneys of record of parties who have appeared in the action agree in writing to such postponement."

court as to whether or not its process and order of business should be delayed.[4] Especially is this true in the light of the 1966 amendment to the Constitution of this state, pursuant to which the Legislature may meet in extended annual regular sessions. (Cal. Const., art. IV, § 3.)

Among the factors to be considered by the court will be the nature and urgency of the rights involved (see *Oil Workers Intl. Union* v. *Superior Court* (1951) 103 Cal.App.2d 512, 581 [45] [230 P.2d 71]), whether the party seeking delay has or can secure other counsel to represent him for the particular step in the proceedings then before the court,[5] and whether the attorney who is a member of the Legislature was employed for no other purpose than attempted delay. (See *Bottoms* v. *Superior Court* (1927) 82 Cal.App. 764, 768, 776 [256 P. 22] ; *People* v. *Goldenson* (1888) 76 Cal. 328, 341-342 [19 P. 161] ; *Mann* v. *Pacific Greyhound Lines* (1949) 92 Cal.App.2d 439, 446 [207 P.2d 105], and cases there cited; 2 Witkin, Cal. Procedure (1954) Trial, pp. 1746-1751.)[6] The legislative policy of granting continuances of court proceedings so as not to interfere unduly with the functions of the Legislature, reflected in section 595, has been in the law since 1880 and should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. It appears that in the instant case the court in granting the continuance construed the statute as being mandatory and therefore did not exercise any discretion in the matter. Neither did it inquire into any of the above-mentioned considerations nor did it afford the guardian or the mother of the unborn child an opportunity to be heard.

It is ordered that a writ of mandamus issue directing

[4]See *Booze* v. *District Court of Lincoln County* (Okla.Crim.App. 1961) 365 P.2d 589; *McConnell* v. *State* (1967) 227 Ark. 988 [308 S.W.2d 805] ; *Nabholz Construction Corp.* v. *Patterson* (1958) 229 Ark. 564 [317 S.W.2d 9, 11-12] [3, 4] ; *Johnson* v. *Theodoron* (1927) 324 Ill. 543, 547-548 [155 N.E. 481] ; *Kyger* v. *Koerper* (1966) 355 Mo. 772, 777 [197 S.W.2d 946] ; cf. comment in *Government Services Ins. Underwriters* v. *Jones* (Tex. 1963) 368 S.W. 560, 562, that it was not there urged that the granting of a continuance would result in depriving any person of a remedy or of equal protection of the laws.

[5]The guardian here alleges that Assemblyman Brown is associated with or in partnership with two other attorneys who often appear for him in preliminary legal matters and would be available to appear on behalf of Thurmond on the order to show cause.

[6]Nothing in *Beckley* v. *Reclamation Board* (1957) 48 Cal.2d 710 [312 P.2d 1098], conflicts with the views expressed herein. In *Beckley* the issue was the right to relief under section 473 of the Code of Civil Procedure.

respondent Superior Court of the State of California in and for the City and County of San Francisco to vacate its order of March 21, 1967, granting the continuance, and to promptly hear and determine the application for continuance in accordance with the views hereinabove expressed, and after proper notice to all parties.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.