[No. B026014. Second Dist., Div. Four. Mar. 23, 1988.]

In re the Marriage of DORA M. and JAMES J. HANCHETT.
DORA M. HANCHETT, Appellant, v.
JAMES J. HANCHETT, Respondent.

**COUNSEL**

Arnold H. Johnson for Appellant.

Jones, Mahoney & Brayton and Thomas C. Brayton for Respondent.

**OPINION**

**WOODS, P. J.**—This is an appeal from an order denying the request of appellant Dora M. Hanchett (wife) for an increase in child support from respondent James J. Hanchett (husband). The case involves an application of the Agnos Child Support Standards Act of 1984 (the Agnos Act), which became effective July 1, 1985.

The record shows that on May 28 and June 11, 1985, the parties signed a stipulation modifying a child support order which had been made in 1981. The superior court entered an order modifying support pursuant to the stipulation on August 2, 1985. The order requires that husband pay wife $100 per month for each of their two minor sons residing with her until they reach their majority. Husband further promised to pay one-half of the boys' orthodontic expenses.

Fifteen months later, on November 19, 1986, wife filed an order to show cause which requested an increase in child support and attorney's fees. She sought $400 per month per child. Payments to continue until the boys, then aged 14 and 12, reached 19 or graduated from high school. Wife declared a change of circumstances because the parties' third and oldest child, who had formerly lived with husband, had turned 18 and no longer lived with

him. Both husband and wife are teachers but wife asserted that husband had additional income from working part time in real estate and had married a woman who worked full time.

Wife's income information indicated that she had a net monthly disposable income of $2,551.98 and total monthly expenses of $2,453.47. She was paying $114 per month on a $4,000 loan incurred for "living expenses." The two minor boys were with her more than 80 percent of the time.

Husband opposed the modification and argued that wife should not receive attorney's fees because she had not asked him informally for an increase in child support prior to filing her order to show cause. Husband indicated that in addition to his $200 monthly support payment, he was also paying $25 per month for one boy's orthodontia, would soon begin paying for the other's, and paid $32.80 per month by payroll deduction for medical insurance for the two boys. His income and expense declaration showed a net monthly disposable income of $2,425 and total monthly expenses of $3,429.38. His current wife's income was $2,749.33. Husband submitted a "minor child support worksheet" pursuant to the Agnos Act, which indicated a support award of $222.78. Wife did not submit a worksheet.

The monthly expenses listed by husband reflect a very different standard of living from that of wife and the two boys. For example, wife listed $387 monthly for "Food at home and household supplies," $25 for "Food eating out" and $50 for "Entertainment." Husband listed expenses for those same items at $500, $150, and $170.

At the hearing on wife's application, wife's attorney indicated that she actually had only $2,401 in net disposable income because a tenant was moving out. The court questioned wife's showing of need, since she had listed monthly expenses at $2,453.47, and therefore had a $150 monthly surplus after receiving the $200 per month which husband was presently required to pay. Wife's attorney replied that wife was "barely barely surviving" on her present income, and that $200 per month for two teenage boys was clearly inadequate.

Husband's argument at the hearing focused upon wife's failure to show increased need.

The trial court found that wife's contention that a change of circumstances was shown through the absence of the oldest boy from husband's home was "an argument that might fly"; that based on "raw incomes," husband should be paying more; but that wife had failed to show need. Wife's declaration was a "very honest one" and "somewhat of a unique

experience" for the court. Unlike the usual declaration the court saw, wife's declaration showed income and expenses as virtually equivalent. The request for modification and attorney's fees was nevertheless denied.

Wife moved for reconsideration arguing that she had given her actual expenses rather than what she needed to maintain a reasonable standard of living, that she had been forced to borrow money to support herself, and that she had not asked husband informally for an increase in support as she knew from his past statements that he would not grant it. She submitted a new expense declaration which listed her monthly expenses as $3,366.47.

In opposing the motion, husband argued that wife should not be allowed to change her figures, and that it was "well known to the family law bar that the Income and Expense Declaration sets forth not just a persons [sic] actual expenses, but their needs."

The trial court denied the motion for reconsideration on the ground no new information had been shown which was unavailable at the original hearing. It rejected wife's argument that she was not required to establish need where the figure of $100 per month per child was less than the minimum required by the Agnos Act. This appeal ensued. For the following reasons, we reverse.

I

A preliminary issue is whether wife was required to show a change of circumstance to obtain a modification of child support.

Wife cites Civil Code section 4730,[1] which provides that the Agnos Act itself "constitutes a change in circumstances for the purpose of allowing the modification of child support orders entered prior to July 1, 1985." Since the evidence shows that the order here was not entered until August 2, 1985, wife cannot rely on section 4730.

Wife also cites section 4728, subdivision (b), which states: "If the parties to a stipulated agreement stipulate to a child support award below the mandatory minimum level, no change of circumstance need be demonstrated to obtain a modification of the child support award to the applicable mandatory minimum level or above."

While wife submitted no documentation below regarding the Agnos mandatory minimum, she did argue that husband was paying less than that

---

[1] All statutory references are to the Civil Code unless otherwise stated.

minimum. As indicated, respondent's Agnos worksheet showed an Agnos minimum award of $222.78, while the support payment he paid pursuant to the stipulation totaled $200.

Husband counters that he actually was paying more than the Agnos minimum, due to his monthly payments of $25 for orthodontia and $32.80 for health insurance. The trial court never reached this question, as its analysis ended with its finding that wife had failed to show need.

The orthodontia costs clearly cannot be included in the Agnos minimum. The mandatory minimum child support award "is intended to assure adequate basic living expenses, including food, shelter, and clothing, for the supported children." (§ 4723.) "[E]xpenses for special medical [or] dental . . . needs" are expressly excluded.

It further appears that respondent's payment of health insurance costs cannot be used to avoid the standard set forth in section 4728, subdivision (b). The parties' stipulated agreement does not mention payment of health insurance. Also, such costs do not appear to be part of the mandatory minimum under the language of the Agnos Act. Section 4723 limits that minimum to "basic living expenses," and excludes special medical expenses. (See Adams & Sevitch, Cal. Family Law Practice (7th ed. 1986) § M.21.16.) Moreover, section 4726 permits the court to order either parent to maintain health insurance coverage for supported children "if that insurance is available at no cost or at nominal cost to the parent or parents."

■ The trial court saw no problem regarding a change of circumstance, since the oldest child no longer lived with husband. If a change of circumstance were required here, it has been established.

## II

■ The trial court erred in focusing on wife's perceived failure to show need, and in not applying the Agnos Act. The Agnos Act "applies to all applications for modification of existing child support orders" as of its operative date of July 1, 1985. (§ 4729.) Its language shows that need is not an appropriate consideration for a child support award at the mandatory minimum level.

The expressed intent of the Agnos Act was to establish "a system of standards and procedures . . . which provide for a uniform determination of child support awards throughout the state, and which assures that, dependent upon the financial ability of each parent to do so, no child receives

a support award less than would otherwise be established as the need for that child under the AFDC program." (§ 4720, subd. (d).)

Pursuant to Agnos, "[t]he level of child support resulting from the application of the formula established by this chapter shall be treated as the minimum award for support. It is the intention of the Legislature that the court shall use the guidelines in use in its county to establish the child support award. However, in no event shall the court award less than the mandatory minimum child support allowable pursuant to this chapter. In setting an award higher than the mandatory minimum, the court shall be guided by the criteria set forth in applicable statutes, relevant case law, and state and local guidelines, so long as they are not in conflict with the provisions of this chapter." (§ 4720, subd. (d).)

"It is the intention of the Legislature that the courts shall adhere to the principles set forth in this chapter and shall depart from them only in exceptional circumstances." (§ 4720, subd. (e).) The exceptional circumstances are set forth in section 4725 and must be specifically found by the court. None are applicable here.

Under the Agnos Act, child support must be awarded at least at the mandatory minimum level, unless the statutorily prescribed exceptional circumstances are present. A specific formula for arriving at that mandatory minimum is provided. (§§ 4721, 4722.) Discretionary factors like the child's need and the parent's ability to pay are considerations for an award greater than the mandatory minimum but not in determining and allocating the mandatory minimum. (*In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 951, 953 [238 Cal.Rptr. 691].)

Moreover, while need is an appropriate consideration where the support request exceeds the Agnos minimum, it is not the only consideration. Section 4720, subdivision (e) lists a variety of factors to be considered in determining whether a parent can pay more than the mandatory minimum, such as income, earning capacity, assets, "the income of his or her subsequent spouse," and "the needs of the supported child or children."

"Upon the request of either party, the court may award, and, when appropriate, *is hereby urged to award a higher amount of child support* than the mandatory minimum child support award," in keeping with "the legislative intent that children share in their parents' standard of living. . . ." (§ 4724, subd. (a), italics added.) It appears that the supported boys here did not share in their father's standard of living, and that the trial court never considered whether the income of husband's current spouse increased his ability to pay more than the mandatory minimum.

In *In re Marriage of Norvall* (1987) 192 Cal.App.3d 1047, 1052 [237 Cal.Rptr. 770], the trial court based its award on the parties' income and expense declarations, without making the calculations required by Agnos. The case was remanded for recomputation pursuant to Agnos because the Legislature intended that the Agnos formula apply unless the statutory exceptions are present. (*Id.,* at p. 1054.) Similarly here, we remand because the trial court ruled against wife on the basis of her income and expense declaration, without analyzing the case in terms of the Agnos Act. It is appropriate that the trial court also reconsider the issue of attorney's fees upon remand in light of this opinion.

The judgment is reversed and remanded for further proceedings consistent with this opinion. Costs and attorneys fees on appeal to appellant.

George, J., and Rothman, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.