[No. A045807. First Dist., Div. Five. Sept. 27, 1990.]

In re the Marriage of YVONNE L. and DONALD G. YOUNG.
DONALD G. YOUNG, SR., Appellant, v.
YVONNE L. YOUNG, Respondent.

**COUNSEL**

Harry E. Rice for Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney

General, Morris Beatus and Josanna Berkow, Deputy Attorneys General, for Respondent.

OPINION

**KING, J.**—In this case we hold that denial of a continuance was not an abuse of discretion in an action under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), despite the provision of the act that upon request of a party the court "shall" continue the case for further hearing, when the requesting party had sought and obtained numerous prior continuances.

I. *Facts.*

Donald G. Young, Sr., appeals from an order increasing his monthly child support from $500 to $1,150. Donald claims the court erroneously denied a motion for a continuance, and he further claims the evidence was insufficient to support the modification.

Donald and his former wife, Yvonne L. Young, were granted a final judgment of dissolution in 1976 by the Fulton County Superior Court in Georgia. The judgment granted custody of the parties' three minor children to Yvonne and ordered Donald to pay monthly child support of $100 per child, for a total monthly support obligation of $300.

Five years later, both parties had moved from Georgia—Yvonne and the children were living in New York and Donald was living in California. Yvonne filed a petition for modification of support in New York in July 1981. The case was ultimately transferred to San Francisco Superior Court pursuant to RURESA. (Code Civ. Proc., § 1650 et seq.)[1] On January 11, 1982, by stipulation, the court ordered a total child support payment of $300 per month, as well as payment of $25 per month toward $6,300 in child support arrearages.

In March 1988, Donald's monthly child support obligation was adjusted downward from $325 to $225 to reflect that the parties' oldest child had

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

The Revised Uniform Reciprocal Enforcement of Support Act provides a means for enforcing child or spousal support obligations of obligors located outside the jurisdiction in which the dependent spouse or children are present. "Perhaps its major innovation is the 'simple two-state procedure' [citation] that allows the wife to remain in her own state while the public prosecutor in the husband's state attempts to enforce the husband's obligation of support." (*Hight* v. *Hight* (1977) 67 Cal.App.3d 498, 503 [136 Cal.Rptr. 685].)

reached the age of majority. The court noted Donald still owed $1,231 in child support arrearages.

On May 31, 1988, Yvonne requested an increase in child support for the parties' two remaining minor children. By order filed December 15, 1988, the court increased Donald's total monthly child support obligation to $500 to conform to the Agnos Child Support Standards Act of 1984 (Civ. Code, § 4720 et seq.) and ordered him to pay all remaining arrearages within 30 days. The court also ordered a status review for January 17, 1989, "to determine the correct level of child support based on [Yvonne's] income information." Yvonne subsequently submitted an income and expense declaration which reflected net monthly income of $1,455.84 and total monthly expenses of $1,863.18.

On January 17, 1989, the date of the scheduled status review, the court granted Donald a continuance until January 31, 1989, which was not opposed. After this matter was continued several more times, the court denied his final motion for an additional 90-day continuance. The court found Yvonne's net monthly income to be $1,468 and Donald's to be $5,017 and increased monthly child support to $575 per child, for a total monthly support obligation of $1,150.

## II. *Denial of Continuance.*

Donald argues that pursuant to section 1683 he was entitled to a continuance as a matter of law to conduct discovery and that the court's refusal to grant a continuance had the practical effect of denying him a fair hearing. In arguing this point, he conveniently fails to set out the posture of this case at the time his last request for a continuance was denied.

As mentioned, child support was modified on December 15, 1988, at which time a status review hearing was scheduled for January 17, 1989. On January 17, 1989, at Donald's request, the matter was continued to January 31, 1989. On January 31, 1989, he requested another continuance on the ground he needed additional time to investigate Yvonne's income. The court postponed the matter until February 21, 1989. On February 21, 1989, Donald presented a written motion based on section 1683, requesting a 90-day continuance so he could propound interrogatories and take Yvonne's deposition in New York. The district attorney objected to further continuances. The court put the matter over one week to allow the district attorney to file a written response to Donald's request. At the February 28, 1989, hearing the district attorney informed the court she had provided Donald's counsel with a copy of Yvonne's 1988 wage withholding form and two recent pay stubs. The court agreed to give Donald's counsel two weeks to

consult with his client to decide if Yvonne's income information was sufficient in lieu of further discovery. The matter was put over until March 14, 1989. When the case was called on March 14, 1989, Donald and his counsel *failed to appear*. The court then took the matter under submission, and by order filed March 23, 1989, the court formally denied Donald's motion for continuance and made the support order at issue herein.

We first dispel the notion that section 1683 can be invoked to guarantee Donald a continuance as a matter of law. That section deals with a party's right to seek a continuance in order to obtain evidence from the other party in an action to determine or enforce a duty of support. It reads: "If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the complaint or offers evidence which constitutes a defense, the court, upon request of either party, *shall* continue the case for further hearing and the submission of evidence by both parties either by deposition or personal appearance." (Italics added.)

■ Donald's argument that section 1683 deprived the court of any discretion to deny his request for continuance runs wholly contrary to the California Supreme Court's interpretation of analogous language in *Thurmond* v. *Superior Court* (1967) 66 Cal.2d 836 [59 Cal.Rptr. 273, 427 P.2d 985]. *Thurmond* involved the grant of a continuance in a proceeding to show cause why the alleged father of an unborn illegitimate child should not be required to pay medical expenses and child support during pendency of a paternity action. The continuance was granted as a matter of law because the alleged father's counsel was a member of the California Legislature, and sections 595 and 1054.1 both directed that when an attorney of record is a member of the Legislature, an action "*shall*" be continued until the legislative session is over. Noting that a literal interpretation of this statutory language would collide with a court's inherent power to control its own proceedings, the Supreme Court instructed that these statutory provisions were "to be applied *subject to the discretion of the court* as to whether or not its process and order of business should be delayed." (*Id.* at pp. 839-840, fn. omitted, italics added.) The judgment was reversed because "the court in granting the continuance construed the statute as being mandatory and therefore did not exercise any discretion in the matter." (*Id.* at p. 840.) In accordance with the reasoning in *Thurmond*, we decline to read section 1683 as mandating a compulsory postponement in the proceedings whenever a party requests a continuance, and we apply the general rules with respect to a court's discretionary power to grant continuances.

"A continuance merely upon the assertion of one of the parties that he feels that he might be able to discover evidence favorable to him is not a matter of right. It is a matter which is left to the sound discretion of the trial

court, and the appellate courts will not interfere with the exercise of that discretion except upon a clear showing that it has been abused." (*Wiler* v. *Firestone Tire & Rubber Co.* (1979) 95 Cal.App.3d 621, 628 [157 Cal.Rptr. 248].) ■ It is difficult to imagine a set of facts in which a court would be more justified in exercising its discretion by saying, "No more!" Donald had more than adequate time to pursue discovery, if he wished to do so. Donald's request for a 90-day continuance to conduct discovery under section 1683 came after several continuances had already been granted based on his stated intention to investigate Yvonne's income. The discovery he proposed to conduct concerned matters that could have been sought months earlier when he and his counsel became aware that the adequacy of child support had been put in issue. After he filed this motion for a 90-day continuance, he was granted additional time by the court to examine new documentary evidence submitted by the district attorney verifying Yvonne's income. Significantly, he failed to appear at the March 14, 1989, hearing scheduled for the purpose of discussing whether he wished to pursue his motion for continuance or whether questions about Yvonne's income were resolved by the new evidence. The trial court could reasonably conclude that after the numerous and lengthy continuances already granted, any further continuance was unnecessary. Indeed, it appears that Donald was simply trying to delay the inevitable increase in his child support obligation for as long as possible.

■ Donald's claim that the denial of his request for a continuance constituted a denial of due process because he was unable to question Yvonne is meritless. It has been recognized that the provisions of RURESA dispensing with the requirement of a personal appearance by the moving party in the out-of-state court do not offend due process of law. (*Smith* v. *Smith* (1954) 125 Cal.App.2d 154, 168-169 [270 P.2d 613].) And while Donald most certainly had the right to meet Yvonne's evidence by taking her deposition and propounding interrogatories, he waived that right through his dilatory conduct.

III. *Sufficiency of the Evidence.*

■ The modification issue, as framed by Donald, is not whether the amount of child support ordered was factually fair, but whether the evidence was sufficient to support modification. In another one-sided presentation of the evidence, he bemoans the lack of depositions, interrogatories or the opportunity to cross-examine Yvonne, and he claims the court entered its support order based on "an undated income and expense declaration." The record discloses Yvonne's income and expense declaration (which was expressly found by the court to be "current") was supplemented and verified by her wage withholding (W-2) forms and recent pay stubs. Based

on the evidence before it, the court found Donald's 1989 net monthly income was $5,017 and Yvonne's was $1,468. Donald does not dispute these figures nor does he dispute that his earnings had increased dramatically and that there is a substantial disparity between his net income and the net income Yvonne has available to meet her own and her children's needs. The law requires that child support be set and modified in accordance "with the living standards of *both* parents in mind—at a level beyond the bare necessities of life . . . ." (*In re Marriage of Catalano* (1988) 204 Cal.App.3d 543, 552 [251 Cal.Rptr. 370]; see also *In re Marriage of Hanchett* (1988) 199 Cal.App.3d 937, 943 [245 Cal.Rptr. 255]; *White v. Marciano* (1987) 190 Cal.App.3d 1026, 1031-1032 [235 Cal.Rptr. 779].) Donald's children were entitled to share in his elevated standard of living, and there is substantial evidence to support the modification.

IV.   *Disposition*.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.