DOUCET, Judge.
This appeal addresses the effect of the appellant’s attempt to use URESA to modify in Great Britain an order of support rendered in Louisiana.
In 1981, Henry Hollingsworth, Jr. filed a petition for divorce from Sharon Hollings-worth in the Ninth Judicial District Court for Rapides Parish, Louisiana. He agreed to Sharon having custody of the two minor children of the marriage, and asked that the court set child support. Judgment was rendered March 19, 1981, granting the divorce, giving custody of the children to Sharon and ordering the defendant to pay child support in the amount of $400 per month.
Henry left the country to work in Libya, then moved to Great Britain.
In April 1992, Sharon petitioned the court for enforcement of the support in Great Britain under the Uniform Reciprocal Enforcement of Support Act (URESA). La.R.S. 13:1641, et seq. She indicated that Henry *1284 had not paid support since September 1982. The Louisiana court forwarded the documents to the appropriate authorities in Great Britain. The authorities in Great Britain responded in October 1983, indicating ultimately that the claim had been sent to the Huyton Magistrates’ Court for consideration. Documents sent to the Louisiana court from the British court indicate that Henry appeared before the court and testified that he had set up an arrangement whereby he was putting $500 per month into an account in the U.S., and that his mother saw to it that Sharon received the support payments. Further, he testified that his children had visited him for six weeks during the Summer of 1983, during which time no money had been sent to Sharon. He stated that in November 1983, he had paid Sharon $2,500 for support through the end of the year. He further stated that he had spoken to Sharon by telephone and she was happy with the arrangement.
The British court adjourned to allow Henry’s lawyer to contact Sharon’s lawyer to determine whether the proceedings were to continue. The record contains nothing which indicates any further proceedings in connection with the 1982 attempt at enforcement.
In the meantime, in November 1982, the Louisiana court granted Sharon’s motion and increased the child support obligation to $250 per month per child, or $500 per month, plus medical expenses.
In August 1987, Sharon again petitioned the court for enforcement in Great Britain of the child support order under URESA. She indicated that Henry had not paid support since January 1986. She asked for an increase in support to $1,500 plus a judgment of $3,000 representing arrears.
The documents forwarded by the British court indicate that the matter was heard on November 6, 1987. At that hearing, Henry testified that until January 1987, he regularly paid support. In January 1987, he received a telephone call from Sharon in which she stated that she had separated from her husband and had no money. He sent her $500. Henry further stated that Sharon agreed to send the boys to him for a school term and to forego support during that time. Henry paid their air fare and the boys arrived in Great Britain on January 11, 1987. They stayed until July 26,1987. Henry presented a letter from St. Leo’s school certifying the boys’ attendance during that time. Henry further testified that after the boys went home in July, Sharon called asking for money. Henry told her he would send it at the end of August. Henry testified that he was unable to send money at that time because of financial problems with his business. After reviewing his income and debts for the court, he stated he was not financially able to send money for his children.
The British court dismissed Sharon’s application for support stating in pertinent part that:
******
2) We dismissed the application for maintenance for the two children because we were satisfied that from January 1987 to the end of July 1987, the children were living with Mr. Hollingsworth and being financially supported by him.
3) At the present time Mr. Hollings-worth is financially not in a position to pay any maintenance to the children but we are satisfied that as soon as he is able to, he will remit all monies to Mrs. Ackel for the support of the children. He said in evidence that he had paid regularly up to January 1987, only stopping payment after the children came to England. He could not resume payment in August because of his financial difficulties.
In September 1989, Sharon again applied under URESA for enforcement in Great Britain of the $500 per month support ordered by the Louisiana Court. The matter was again forwarded to the appropriate British court. After again hearing evidence from Henry, the British court on September 10, 1990, ordered him to pay 75 pounds per child per month, representing a total of about $300 per month. In March 1991, on motion of the State of Louisiana, Department of Social Services (Social Services), the URESA proceeding was dismissed because Henry had returned to Louisiana.
In July 1991, Sharon filed a motion to have Robert ordered to pay support past due since *1285 February 1987, under the Louisiana judgment. The Social Services moved to be and was made a party to the procedure. They asked that past due and future support be made payable to them because Sharon was receiving Support Enforcement Services.
A hearing was held on October 28, 1991. The trial judge rendered judgment ordering Henry to pay $743 in past due support, plus $500 in attorney’s fees. Additionally, the trial judge found that Sharon had submitted herself to the jurisdiction of the British court by asking for an increase in child support.
The judge stated in his reasons for judgment that:
The Court is of the opinion that Mrs. Hollingsworth voluntarily went to the English court in 1987 to seek an increase from that court. What she got was a valid, albeit unsatisfactory, English judgment. She once again went back to the Court in 1990 for a second determination which was granted, but was less then she desired. Had either English award she requested been greater than the Louisiana award, she would have surely sought enforcement of the greater amount. Mrs. Hollings-worth chose to have her day in court and cannot now undo what she did because she is dissatisfied. It would be patently unfair for Mr. Hollingsworth to have to defend suits for the same thing on two continents with Mrs. Hollingsworth getting to choose which of her judgments she wants to enforce. It is likewise unfair for Mrs. Holl-ingsworth to have a “trial and error” hearing in England with a Louisiana judgment as a “safety net” in the event she loses.
At trial it was agreed that since February 1, 1987, Mr. Hollingsworth has paid $2,757.00. It was further agreed that the new child support order was to be effective August 26, 1991, leaving a “window” of arrearages from February 1, 1987 to August 26, 1991, subject to the credit of $2,757.00.
Since the court has determined that the English judgments are valid, Mr. Hollings-worth owes $300.00 per month from September 7,1990 until August 26,1991. The Court calculates that amount to be $3,500.00, subject to a credit of $2,757.00, leaving a balance of $743.00. This amount is to bear judicial interest from date of demand. Attorney’s fees are assessed in the amount of $500.00. Costs are to be paid by Mr. Hollingsworth.
Sharon and Social Services appeal.
There exist no Louisiana cases concerning the consequences of the use of URESA proceedings to obtain an increase in support. The language of the statute, however, is broad enough to allow the responding court to consider requests for increases in child support.
La.R.S. 13:1641 states that the purpose of URESA is “to improve and extend by reciprocal legislation the enforcement of duties of support.”
A duty of support is defined by La.R.S. 13:1642(b) as follows:
“Duty of support” means a duty of support, whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise, and includes the duty to pay ar-rearages of support past due and unpaid.
Thus, URESA concerns itself with enforcement of the duty of support rather than the amount of the order. Further, other states have allowed the use of proceedings under URESA as a vehicle for requests for increases in support payments. See Koon v. Boulder County, Department of Social Services, 494 So.2d 1126 (Fla.1986); Barnes v. State ex rel. State of Va., 558 So.2d 948 (Ala.Civ.App.1990); In re Marriage of Young, 224 Cal.App.3d 147, 273 Cal.Rptr. 495 (1990).
In those eases, increased support requested through a URESA proceeding was affirmed. In Barnes, supra, the court noted that the increase was not a modification of the rendering state’s order but was an additional order of the responding state.
Reasoning in this way, Sharon’s request for an increase would not submit her to the jurisdiction of the British court. Any increase granted would have been a separate order of the British court, not a modification of the Louisiana judgment ordering support.
*1286 As this court stated in Trice v. Trice, 428 So.2d 1265 (La.App. 3 Cir.1983):
The remedies provided under URESA are in addition to and not in substitution for any other remedies provided by law. LSA-R.S. 13:1643. This being so, it is axiomatic that a judgment rendered pursuant to the URESA procedure cannot have the effect of modifying or superseding a previous judgment of support rendered in a civil proceeding. Likewise, the acceptance of payments or the request that payments be made under a URESA judgment cannot serve as the basis for an estoppel to claim benefits due under a previous civil judgment of support. Moreau v. Falgout, 304 So.2d 429 (La.App. 1st Cir.1974); Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir.1970); Goldstein v. Goldstein, 409 So.2d 1245 (La.App. 4th Cir.1982). As stated in Moreau v. Falgout, supra:
“While defendant can claim credit for the amounts paid under URESA, he cannot urge that a judgment rendered pursuant to this latter procedure modifies a previous judgment ...”
Accordingly, the trial judge erred in finding that the British court’s judgment modified the Louisiana child support judgment.
The record shows that Henry is entitled to credit for support payments made. However, the amount of the credit due cannot be determined from the record. We will remand to determine the appropriate credit.
Accordingly, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings, in keeping with the views expressed herein, to determine the amount of arrearage due Sharon subject to a credit in favor of Henry for any support payments made.
Costs of this appeal are assessed to Henry Hollingsworth, Jr.
REVERSED AND REMANDED.