[No. G019481. Fourth Dist., Div. Three. Apr. 4, 1997.]

MICHAEL PHAM, Plaintiff and Respondent, v.
MAI-THI THI NGUYEN, Defendant and Appellant.

YEN HOANG PHAM, Plaintiff, v.
MAI-THI THI NGUYEN, Defendant.

## Counsel

Dale J. Peroutka for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## Opinion

**SILLS, P. J.**—In this case we affirm a judgment after the trial court denied a continuance request stipulated to in writing by both parties. The appellant relies on a little-known statute, section 595.2 of the Code of Civil Procedure, which on its face requires the trial court to continue trials, or the hearing of any motion or demurrer, when the parties agree in writing to such a postponement. As we explain below, the statute is directory, not mandatory, so the appellant was not entitled to the requested continuance.

But even though we affirm the judgment, we must register a small plea in favor of professional courtesy in the conduct of litigation. While we acknowledge that the trend has been to look upon any sort of continuance with skepticism (e.g., rule 375, Cal. Rules of Court), not every continuance request is borne of a dilatory motive or procrastination. Scheduling conflicts

and unexpected events happen. And when they do, it is also important that opposing lawyers should do the right thing and try to accommodate each other; the courts, for their part, should, *if possible*, not throw up a roadblock to that courtesy.

## FACTS

Michael Pham sued Mai-Thi Thi Nguyen for dental malpractice. After a judicial arbitration and a request for trial de novo, the matter was set for trial on January 29, 1996. Four days before trial, the parties submitted a stipulated request for a continuance, claiming they had not had time to depose their expert witnesses. The trial judge summarily denied the request. On the day of trial Nguyen requested a continuance by herself, arguing that she had just learned her expert witness would be unavailable. This request was also denied, and, after a court trial, the judge found in favor of Pham. Nguyen then filed this appeal, contending it was an abuse of discretion, particularly in light of section 595.2 of the Code of Civil Procedure, to deny the continuance requests.[1]

## DISCUSSION

### *The Impact of Section 595.2*

Section 595.2 consists, in its entirety, of one sentence: "In all cases, the court shall postpone a trial, or the hearing of any motion or demurrer, for a period not to exceed thirty (30) days, when all attorneys of record of parties who have appeared in the action agree in writing to such postponement."

The case that deals most directly with the statute is *Lorraine* v. *McComb* (1934) 220 Cal. 753 [32 P.2d 960], which was decided shortly after the Legislature enacted what was to later become section 595.2. In *Lorraine*, trial was set for October 9, 1933. On that date the lawyers for each party presented a written agreement to the trial court seeking to postpone the trial date to October 24, or any other date within the 30-day period from October 9th. The trial calendar judge refused to allow the postponement, and because counsel did not proceed with trial, the case was ordered off the list of calendar cases. In effect the parties had to get back in the queue to receive a trial date. The parties brought a writ petition to compel the trial court to reinstate the case to its "previous status on the calendar." (220 Cal. at p. 755.)

---

[1]Even though no respondent's brief has been filed, an automatic reversal is not required. The better rule is to examine the record and reverse only if prejudicial error is found. (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854 [192 Cal.Rptr. 212].)

All statutory references in this opinion are to the Code of Civil Procedure.

The Supreme Court denied the writ. The court prefaced the denial by remarking that "[o]rdinarily it should be possible to accommodate the parties in cases where they mutually agree to a postponement of the trial date." (220 Cal. at p. 755.)

But accommodation, noted the court, is not always practical. And when accommodation "becomes impracticable, the judicial control reposed in the court by the Constitution must prevail." (220 Cal. at p. 755.) The *Lorraine* court ultimately concluded that the "provisions" of the statute were "directory," that is, the parties were *not* entitled to the requested writ. In doing so, the court alluded to the separation of powers doctrine by referring to the "triune powers of the state," and in particular, the right of the judiciary *to control its order of business*. (See *id.* at pp. 756-757.)

██ Because it is "directory," section 595.2 has but limited force in California procedural law. Certainly, in the wake of *Lorraine*, it does not confer on parties an *entitlement* to a continuance within the 30-day period specified by the statute. Such an entitlement, as the *Lorraine* decision makes clear, would infringe on the "judicial power" of the courts under our state Constitution. At the most—and we need not decide this now—section 595.2 gives parties a right to stipulate to a continuance which would, as happened in *Lorraine*, result in the case going off calendar. Neither *Lorraine*, nor one of the more prominent Court of Appeal decisions on continuances, *County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776 [140 Cal.Rptr. 383], ever really tackled whether there might be a distinction between the right to a continuance to a particular date (or any time within a certain time frame) and the right to agree to have a matter simply go off calendar.

That said, we do not believe that trial courts should just ignore section 595.2 either. The Supreme Court did *not* declare it unconstitutional in *Lorraine*. (See *Lorraine* v. *McComb, supra,* 220 Cal. at p. 756.) Even though it is merely directory, it still represents a statement of *legislative* policy in which there is some wisdom. For many—perhaps all—lawyers, a litigation practice entails a continual barrage of unexpected and unplanned-for events. A new client needs a restraining order. The opposition in one case has just filed a hefty summary judgment motion. The discovery deadline in another draws nigh. The appellate court requests supplemental briefing on some issue on which no research has been done. One's secretary quits. One's partner is made a judge. And on and on. Judges should occasionally remember the exigencies of actual practice. It is easy for members of the bench to lecture the bar about the need to manage their calendars. The real world is somewhat harsher. Continuances play a legitimate role in keeping a law

practice manageable. Thus even though section 595.2 is directory, we would encourage trial courts—as the *Lorraine* court itself indicated—to "accommodate" counsel whenever it is not "impractical" to do so. (See *Lorraine* v. *McComb, supra*, 220 Cal. at p. 755.)

A somewhat less welcoming attitude toward continuances appears to be set out in section 9 of the Standards of Judicial Administration Recommended by the Judicial Council. The first paragraph of section 9 states, for example: "No continuance otherwise requested should be granted except in emergencies. A continuance should be granted only upon an affirmative showing of good cause requiring the continuance."[2]

Any conflict, however, between section 595.2 (and our comments today) and Standards, section 9 is more apparent than real. The manifest objective of Standards, section 9, as made clear in its first sentence, is the "prompt disposition of civil cases." Counsel can still be courteous with each other, and courts can still try to accommodate that courteousness, without necessarily causing undue delay in case disposition. Balancing the two competing goals, however, may require discernment on the part of the trial court. One indication that a continuance request is consistent with the policy in favor of prompt disposition is the presence of a stipulation pursuant to section 595.2. After all, in stipulating, the parties may be presumed to be looking out for their own interests, and at least one side has an interest in the prompt disposition of any case.

By the same token, we must respectfully register our disagreement to the sheer relish with which the *Doria Mining* opinion, in dicta, repudiated the idea of the liberality in continuances. "In this case," the opinion began, ". . . we shall hopefully administer belated last rites to an alleged judicial philosophy which has badgered the courts of this state for years. That philosophy is usually expressed in language that it is 'a fundamental rule that the courts should be indulgent and liberal in granting continuances.' " (72 Cal.App.3d at p. 778.) Later on in the opinion, the court further declared that ". . . if the law must have some kind of litany or Gregorian chant in this field, we respectfully suggest it be that 'continuances be granted sparingly, nay grudgingly, and then only on a proper and adequate showing of good cause.' " (*Id.* at p. 781.)

A policy which is absolutely dead set against continuances—which treats them like some precious metal—is not without its own costs to both the legal profession and the legal system. It is common knowledge that since the

---

[2]All references to Standards, section 9 are to the Standards of Judicial Administration Recommended by the Judicial Council.

1970's lawyers have (generally speaking) become less civil and courteous with each other in the conduct of litigation. Sanction requests are filed at the drop of a hat. *Doria Mining* regularly shows up as the centerpiece of points and authorities opposing continuance motions, many of which would go unopposed if opposing counsel had not yielded to the temptation to try to extract some advantage from the other side's misfortune or scheduling problems.

*Of course* continuances should not be used as a dilatory tactic, and of course good cause (see rule 375, Cal. Rules of Court) should be present. But Justice Gardner's proposed mantra that continuances be granted only "grudgingly" goes too far. The law should also *encourage* professional courtesy between opposing counsel—which is precisely what the Legislature did in section 595.2. The law should not create an incentive to take the scorched earth, feet-to-the-fire attitude that is all too common in litigation today. Bitterly fought continuance motions are not particularly productive for either the administration of justice generally or the interests of the litigants particularly. When opposing counsel needs a continuance, courts should look to section 595.2 as a statement of policy in favor of professional courtesy, not churlishness.[3]

### Whether There Was an Abuse of Discretion?

As we have seen, under *Lorraine*, section 595.2 could not have *entitled* Nguyen to a continuance to a particular date. The most it might have done was to entitle the parties to agree to letting the matter go off calendar, and there is nothing in the record to indicate that *that* was their intention.

The question still remains as whether the policy behind the statute—which, as we have just pointed out, still retains some force—tips the balance in reviewing the trial court's discretionary decision not to grant either of the two continuance requests.

It is a fairly close question, but the answer is no. In the first place, the parties did not invoke the statute at all in their stipulation. Indeed, as the

---

[3]When a continuance impacts a *substantive right* to relief—such as a pendente lite need for support—other values obviously take precedence over professional courtesy. In *Thurmond* v. *Superior Court* (1967) 66 Cal.2d 836 [59 Cal.Rptr. 273, 427 P.2d 985], a defendant in a paternity case sought a continuance on the ground that his newly hired attorney (an up-and-coming assemblyman who would one day become speaker of that house) was member of the state Legislature, and two statutes provided for continuances when counsel is a member of the state Legislature and the Legislature is in session. The *Thurmond* court held, apropos of *Lorraine*, that the two statutes were "directory only," reasoning that a continuance under such circumstances would undercut the right to a provisional remedy itself. (*Id.* at pp. 838-839.)

declaration of Attorney Peroutka accompanying the stipulation made clear, the parties were agreeing *"with [the] Honorable Court's permission,* to continue the trial of this matter for a short period of time to either of two indicated dates." (Original italics.)

Moreover, the stipulated request was based on the need to depose witnesses. Given the policy expressed in section 2024, subdivision (f), concerning the need for timely depositions of witnesses (court not required to grant continuance pursuant to agreement to extend time for completion of discovery), we cannot say that the court acted beyond the bounds of reason in denying the request when it was made at such a relatively late date.

The second request (the one which was not pursuant to a stipulation) was based on the unavailability of an expert witness. Again, however, we must resolve a close call in favor of the trial court. While the unavailability of a witness is considered good cause for a continuance under subdivision (3)(ii) of section 9, the unavailability must be combined with the fact the witness has been subpenaed (or is beyond the reach of a subpena and has agreed to be present), and the witness's absence is "an unavoidable emergency that counsel did not know and could not reasonably have known at the time of the pretrial or trial setting conference." (§ 9(3)(ii) see also 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 19, p. 46.)

Nguyen's declaration shows that she met the witness at his office on the Saturday before a Monday trial date to discuss his testimony and the case. After a lengthy conversation, Nguyen learned that her expert was "not interested in testifying on [her] behalf." None of the declarations give us any more facts.

Was Nguyen's expert unavailable because of an "unavoidable" emergency as a matter of law, so as to override the trial court's discretionary call? There are not enough facts in the declaration for us to hold that. The expert's lack of interest could have been the product of the expert's doubt about the merits of Nguyen's defense. Perhaps at the last moment he told her that her case was simply too weak for him to put his professional reputation behind it. Or maybe it was a fee dispute that had been brewing for several months. For all we know, it might have been a death in the expert's family or a scheduling conflict the expert had not told his client about. Whatever it was, the trial court was not told. Nguyen's request was predicated on the trial court's taking the "unavailability" of the expert on faith, without any substantial explanation. Moreover, there is no indication that Nguyen's witness was under subpena.

Given the absence of any real facts bearing on the witness's unavailability, we are unable to say that the trial court abused its discretion in denying the request.

The judgment is affirmed.

Crosby, J., concurred.

**SONENSHINE, J., Concurring.**—I concur in the result but cannot join the majority opinion. The dicta contained therein relates to a non-issue and is premised on what I deem a questionable analysis of public policy and the law. What follows is an opinion which comes to the same conclusion, but with fewer words.

I

Michael Pham sued Mai-Thi Thi Nguyen for dental malpractice on August 4, 1994. The matter was sent to judicial arbitration where an award issued in favor of Nguyen on September 11, 1995. Pham requested a trial de novo and the matter was set for trial on January 29, 1996.

Four days before trial, the parties submitted a stipulated request for a continuance, claiming they had not had time to depose their expert witnesses. The trial judge summarily denied the request. On the day of trial, Nguyen again requested a continuance, this time arguing she had learned just two days before trial that her expert would be unavailable. This request was also denied.

After a court trial, the court found in favor of Pham. Nguyen appeals, contending the trial court abused its discretion in refusing to grant a continuance.

II

Continuances must be " 'granted sparingly . . . and then only on a proper and adequate showing of good cause.' " (*County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 [140 Cal.Rptr. 383], fn. omitted.)[1] Judicial proceedings should be scheduled and determined as efficiently and as timely as justice allows. Indeed, a court shall not grant a continuance except upon "an affirmative showing of good cause [pursuant to] the standards recommended in section 9 of the Standards of Judicial Administration." (Cal. Rules of Court, rule 375(a).)

---

[1]Nguyen's reliance on *Whalen v. Superior Court* (1960) 184 Cal.App.2d 598 [7 Cal.Rptr. 610] is misplaced. True, that case held continuances should be liberally granted. However, more recent case law has specifically disapproved this doctrine, and the controlling rule is as stated above. (See, e.g., *County of San Bernardino v. Doria Mining & Engineering Corp.*, *supra*, 72 Cal.App.3d 776, 781.)

## THE FIRST REQUEST

Nguyen contends the trial court abused its discretion in denying the continuance because the request was made by both parties in writing. Code of Civil Procedure section 595.2 provides: "In all cases, the court shall postpone a trial, or the hearing of any motion or demurrer, for a period not to exceed thirty (30) days, when all attorneys of record of parties who have appeared in the action agree in writing to such postponement." Despite the statute's mandatory language, our Supreme Court long ago explained, "[T]he legislature [did not] inten[d] to make the action of the parties compulsory upon the court in each instance. *Its provisions must be held directory . . . .*" (*Lorraine* v. *McComb* (1934) 220 Cal. 753, 757 [32 P.2d 960], italics added; see also *County of San Bernardino* v. *Doria Mining & Engineering Corp.*, *supra*, 72 Cal.App.3d 776, 784.)

Undaunted, Nguyen argues the court nevertheless erred in denying the parties' request to continue because their inability to schedule depositions constituted good cause. However, parties to an action are responsible for the *timely* depositions of their witnesses. They may agree to extend the time for completion of discovery, but "[i]n no event shall this agreement require a court to grant a continuance . . . ." (Code Civ. Proc., § 2024, subd. (f).)

## THE SECOND REQUEST

"[U]navailability of a witness" is grounds for a continuance only when the witness's " '. . . absence is due to an *unavoidable emergency* that counsel did not know and could not reasonably have known at the time of the pretrial or trial setting conference.' " (7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 19, p. 46, italics added.) Nguyen's belated discovery that her expert would be unavailable obviously does not meet this standard. Lack of expert testimony may have prejudiced Nguyen's case, but she is responsible for the preparation of her own witnesses.

I would affirm the judgment.