Filed 12/18/23  Martinson v. Banning Unified School District CA4/2
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| KENNETH MARTINSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BANNING UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | E079524<br><br>(Super.Ct.No. RIC2001066)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Law Offices of Elizabeth F. McDonald, Elizabeth F. McDonald, and Aaron S. Gorfein for Plaintiff and Appellant.

McCune & Harber and Dominic A. Quiller for Defendant and Respondent.

In trial court, plaintiff and appellant Kenneth Martinson, who had parted ways with his counsel and was acting as his own attorney, requested a continuance of his lawsuit against defendant and respondent Banning Unified School District.  Martinson made the request one week after missing the deadline for his opposition to the school

1

district's summary judgment motion.  The trial court denied the continuance, granted the unopposed summary judgment motion, and entered judgment in the school district's favor.  Martinson argues the trial court abused its discretion by denying him a continuance to conduct additional discovery.  We affirm.

## I.  BACKGROUND

Martinson filed suit against the Banning Unified School District (school district) in March 2020.  The operative complaint alleges that, while employed as a music teacher at the school district for the 2018-2019 school year, he was subject to discriminatory conduct based on his medical condition, sexual orientation, and age.

In May 2020, Martinson's lawyer moved to be relieved as counsel.  The trial court granted the motion.

Litigation continued for a year and a half, and in January 2022, the school district moved for summary judgment.  On March 25, Martinson, now represented by Thomas Sardoni, moved ex parte to (1) continue the summary judgment motion hearing and (2) schedule the deposition of three individuals (Matthew Valdivia, Lupita Garcia, and Lorena Ledesma) as well as the school district's person most knowledgeable.

The school district opposed the motion, asserting that until that month (March 2022), Martinson had not attempted to conduct any discovery.  After hearing argument, the trial court granted the motion, moving back the hearing date on the summary judgment motion from April 12 to May 4.  That effectively moved the deadline for Martinson's opposition to the summary judgment motion from March 29 to April 20.

2

(See Code of Civ. Proc., §§ 437c, subd. (b)(2) [opposition due 14 days before hearing]; 12.) The trial court "decline[d] to continue the trial," which was then set for May 13, "just because the [summary judgment] hearing was continued."

On April 19, Martinson filed a substitution of attorney, signed by himself and by Sardoni, indicating Martinson would represent himself.

On April 27, Martinson, now unrepresented, filed a document he titled "Declaration for Continuance." In it, he requested a continuance of the case, stating that Sardoni and other attorneys from his law office "acted very late in obtaining depositions," "were not able to glean all of the crucial facts needed to support the dismissal of the summary judgment," and "did not ask for all of the necessary existing documents." Martinson also claimed the school district did not produce documents he asked for and "waited until the last moment to produce the documents they did provide." He also indicated that he needed to depose various individuals, none of whom were named in the earlier motion for a continuance.[1]

---

[1] In full, the declaration states:
"PLEASE TAKE NOTICE that I, Kenneth Martinson, who is temporarily representing myself, is requesting from Hon. Irma Poole Asberry for a continuance on the above case for the following reasons:
"1. My former attorneys from the Sardoni Office no longer represent me, and I am currently seeking new legal representation.
"2. My former attorneys acted very late in obtaining depositions for the witnesses, and were not able to glean all of the crucial facts needed to support the dismissal of the summary judgment.
"3. My former attorneys did not ask for all of the necessary existing documents from Banning USD needed to prove my case.

3

The trial court denied the continuance the same day. The register of actions indicates that the court held a trial readiness conference for the case that day as well. It noted that there was no appearance made by or for Martinson, that "it received a declaration from [Martinson] asking for a continuance," and that "the 5/13/22 trial date is confirmed."

The school district soon thereafter filed a notice of non-opposition to its summary judgment motion, and the trial court subsequently granted the motion and entered judgment in the school district's favor.

## II. DISCUSSION

On appeal, Martinson, represented by new counsel, contends that the trial court erred in denying the second continuance motion.[2] In his opening brief, he contends only

---

"4. Banning USD did not produce numerous documents that were requested from them.

"5. Banning USD waited until the last moment to produce the documents they did provide to me, and there was not enough time to request that they fully comply with the document request.

"6. One witness, Robert Guillen, the former superintendent for Banning USD, appeared at the deposition, but when he realized the lawyer for Banning USD was also at the hearing, he requested to have his own lawyer present, so his hearing was continued.

"7. One witness, Kelly Daly, the former principal of Nicolet Middle School, has evaded the service process from us, despite having made herself available for testimony contained in the Summary Judgment motion from Banning USD.

"8. Other witnesses, including Thomas Finch (former Band Director at Banning HS), and Christine Richardson (former Band Director at Nicolet Middle School) were not given a summons to testify, despite my wishes for them to be deposed."

[2] Although it was never formally a motion, for simplicity, we will refer to Martinson's "Declaration for Continuance" as one.

4

that the continuance should have been granted under Code of Civil Procedure section 437c, subdivision (h) (section 437c(h)).  In his reply brief, he contends for the first time that the continuance should alternatively have been granted on nonstatutory, "good cause" grounds.  The reply brief concedes appellate counsel erred by conflating certain dates "and mistakenly claim[ing] [in the opening brief] that [Martinson's] motion had been timely filed" under section 437c(h).  We agree the factual claim was mistaken and discuss the issue below.  Under these unusual circumstances, where appellate counsel has conceded the sole argument raised in its client's opening brief was based on counsel's own (rather obvious) error, we will consider the argument raised for the first time in the reply brief as well.  We find that the trial court did not err.[3]

A.  *Section 437c(h)*

Section 437c(h) provides:  "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

Martinson made his request on April 27, 2022, seven days after his opposition to the summary judgment motion was due.  (Code of Civ. Proc., §§ 437c, subd. (b)(2); 12.)

_____

[3]  Accordingly, no supplemental briefing from the school district is needed.

It was therefore not filed "on or before the date the opposition response to the motion" was due. (§ 437c(h).) Even if we were to construe Martinson's "Declaration for Continuance" as an opposition to summary judgment on the ground that further discovery was essential to opposing the motion, it would have been too late under section 437c(h). We accordingly conclude that no continuance was warranted under section 437c(h), and that the trial court did not err on this ground.

## B. Good Cause Continuance

"Where a plaintiff cannot make the showing required under section 437c, subdivision (h), a plaintiff may seek a continuance under the ordinary discretionary standard applied to requests for a continuance." (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 765.) "There is no policy in this state of indulgence or liberality in favor of parties seeking continuances. Rather, the granting of continuances is not favored and the party seeking a continuance must make a proper showing of good cause." (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 448.)

Martinson has not shown that good cause exists, and thus the trial court did not abuse its discretion. (See *Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170 [""""unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power""""].)

First, Martinson notes that, at the time he submitted the second continuance motion, he had discharged his former attorneys and was actively seeking new

6

representation. However, a self-represented litigant "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation"].) Although the trial court would not have abused its discretion in treating Martinson differently in some limited respects (see *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 ["The judge should monitor to ensure the in propia persona litigant is not inadvertently misled, either by the represented party or by the court"]), it was also within its discretion to decline to do so, and Sardoni's departure from the case did not automatically constitute good cause. (See *Agnew v. Parks* (1963) 219 Cal.App.2d 696, 701-702 ["fact that appellant substituted herself in propria persona at the last minute did not" "require that she be granted a continuance to prepare her case"]; *In re Bollinger's Estate* (1905) 145 Cal. 751, 753 ["if a contest must be continued for an indefinite time every time an attorney withdraws from the case, there would be no end to the matter"].)

Second, other than generic statements that Sardoni and his firm performed poorly, there was no factual basis on which the trial court could have found good cause for a continuance. Under California Rules of Court, rule 3.1332(c), continuances of trials— which granting Martinson's request would surely have caused, given that trial was only half a month away when Martinson made it—may be based on "[t]he substitution of trial

7

counsel, but only where there is an affirmative showing that the substitution is required in the interests of justice."  Even assuming dismissal of ineffective counsel would have constituted good cause for a continuance, the attempted justification here was threadbare, and the trial court was essentially asked to take Martinson's conclusory remarks about Sardoni at face value.  Though this may have been a close call, it was again within the trial court's broad discretion to decline the request.  (See *Pham v. Nguyen* (1997) 54 Cal.App.4th 11, 18 [no abuse of discretion in denying trial continuance request where the request "was predicated on the trial court's taking the 'unavailability' of the expert on faith, without any substantial explanation"].)

In arguing the section 437c(h) issue in his opening brief, Martinson contends "[t]here can be no doubt in this matter that [Sardoni] failed to conduct timely discovery" because the school district "pointed out [such] failures at length in its opposition to the [first] request for continuance."  However, setting aside the fact that Martinson does not discuss any details of any supposed failure in the opening brief—and thus provides no additional basis than the conclusory statements in his declaration—his conclusion does not follow from his premise.  That the school district also accused Sardoni of being dilatory does not mean he was.  If anything, the trial court's grant of Martinson's first continuance request could imply that the court rejected the idea.  (See, e.g., *O'Laskey v. Sortino* (1990) 224 Cal.App.3d 241, 251-252 [request for continuance properly denied where party failed to explain delay], disapproved on another ground in *Flanagan v.*

*Flanagan* (2002) 27 Cal.4th 766, 776, fn. 4.)[4] In any event, even if Sardoni had been dilatory, such behavior did not necessarily translate to good cause for a continuance, as generally "the negligence of the attorney is imputed to the client[,] who is bound by the attorney's errors and omissions." (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1018.)

Third, and perhaps most importantly, Martinson's declaration did not articulate what specific information he needed to obtain through additional discovery and why it would have been relevant, either to a summary judgment opposition or to his case in general. (See *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 255 [denial of continuance not an abuse of discretion where request "failed to explain how the outstanding discovery was necessary"]; *Waisbren v. Peppercorn Productions, Inc.* (1995) 41 Cal.App.4th 246, 263 [same, where request "did not explain how the outstanding discovery was related to the issues raised by the motion"].) For instance, the individuals he named in his declaration were not the same ones he referenced when making his first continuance request, for whom the trial court ordered depositions scheduled (and thus whose testimony the trial court deemed important). Moreover, Martinson's desire to depose "[o]ther witnesses" does not mean that their testimony would have been relevant,

---

[4] It might also have meant that some other reason for granting a continuance outweighed any delay attributable to Sardoni.

much less essential enough to establish good cause for a continuance.[5]  Without an adequate explanation as to why the additional information sought was important, the continuance risked an unnecessary—and therefore unjustifiable—delay in resolving the case.[6]

In sum, the trial court did not abuse its discretion in denying Martinson's second continuance request.

---

[5] Our own review of the record reveals that Christine Richardson, whom Martinson identifies as one of the witnesses he sought to depose, is mentioned in the operative complaint.  Martinson alleges that Richardson was a band director the previous school year and unfairly prepared a negative review of one of Martinson's school concerts because of an "animus toward males."  Assuming for the sake of argument that Richardson's testimony would have been highly relevant, the only explanation in the record for why her deposition was never taken in the two years since the case had been filed was a possible tactical decision that Sardoni made (Martinson's declaration states that Richardson and others "were not given a summons to testify, despite my wishes for them to be deposed").  However, as we have noted, even assuming the decision to not depose was negligent, generally "the negligence of the attorney is imputed to the client[,] who is bound by the attorney's errors and omissions" (*Conway v. Municipal Court*, *supra*, 107 Cal.App.3d at p. 1018), and changing one's mind on whether to depose someone would not constitute good cause for a continuance at this late stage.

[6] Because the need for discovery is not well-articulated, the denial of a continuance motion for a summary judgment opposition makes particular sense, as if discovery is actually essential, the opposing party can file an opposition that lays out the arguments and makes clear what discovery is needed.  (See § 437c(h)) [if opposition shows essential facts cannot be presented, court shall deny the motion or order a continuance for discovery at that point].)

## III.  DISPOSITION

The judgment is affirmed.  Banning Unified School District is awarded its costs on appeal.

RAPHAEL _____

J.

We concur:

McKINSTER _____

Acting P. J.

MENETREZ _____

J.